# United States District Court
## for the Northern District of Oklahoma

Case No. 24-cr-224-JDR

UNITED STATES OF AMERICA,

*Plaintiff,*

*versus*

MARCUS ALEXANDER VASQUEZ,

*Defendant.*

### OPINION AND ORDER

In the early morning hours on February 11, 2024, Officer Austin Seabolt of the Broken Arrow Police Department approached a legally parked car to investigate why it was parked with its lights on. Defendant Marcus Alexander Vasquez was in the driver's seat of the car. At the request of Officer Seabolt, Mr. Vasquez got out of the car and was arrested for obstruction as he began to walk away from the scene. Officer Seabolt and other officers from the BAPD searched the car. The officers found drugs and a gun in the back of the car. Mr. Vasquez now moves to suppress all evidence resulting from this search, [Dkt. 23] and the Government opposes [Dkt. 27]. The Court held an evidentiary hearing on September 17, 2024. Dkt. 28. For the following reasons, Mr. Vasquez's motion to suppress is GRANTED.

The grand jury returned a three-count indictment charging Mr. Vasquez with : (1) being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8); (2) possession of fentanyl with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and (3) carrying and possessing a firearm in furtherance of a

drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). Dkt. 2. In support of his motion to suppress, Mr. Vasquez submitted the video of Officer Seabolt's body worn camera. Dkt. 25. The Court relies on this video and Officer Seabolt's testimony at the evidentiary hearing to establish the following facts.

Officer Seabolt was conducting his normal patrol shift at around 3:00 in the morning when he drove by Juniper Street and noticed a car parked with its headlights and dome light on. Approximately twenty minutes later he drove by again, saw that the lights were still on, and decided to stop. Officer Seabolt testified that there had been a recent uptick in auto burglaries in Broken Arrow and that the thieves usually used the dome light in commission of the theft. Officer Seabolt had no reason to believe that the parked car was connected to any type of illegal activity when he initially drove by; nobody had reported criminal activity in or around the car. But he stopped to perform a vehicle check.

After parking behind the car, Officer Seabolt turned on his body worn camera and walked toward the driver's side of the car, shining his flashlight through the windows. Dkt. 25 (00:18). When he approached the backseat window, Officer Seabolt noticed a person in the driver's seat who was hunched over and possibly unconscious. Officer Seabolt then approached the driver's window and radioed for a backup officer. *Id.* (00:38). In the center console, Officer Seabolt saw a glass pipe. Once the backup officer arrived, Officer Seabolt knocked on the driver's window. Officer Seabolt opened the car door and announced himself a few seconds after knocking. *Id.* (02:08-02:14).

Officer Seabolt asked Mr. Vasquez to step out of the car, and Mr. Vasquez responded that he was parked in front of his house. Dkt. 25 (02:20-02:24). Officer Seabolt again asked Mr. Vasquez to get out of the car and told him that a pipe was visible in the center console. *Id.* (02:24-02:32). Mr. Vasquez got out of the car, shut the door behind him and followed Officer Seabolt's instructions to step around to the back of the car. *Id.* (02:32-02:34).

No. 24-cr-224

Officer Seabolt testified that Mr. Vasquez began to walk quickly towards his house and reached for his waistband, so Officer Seabolt and the backup officer tackled Mr. Vasquez to the ground.[1] Mr. Vasquez was subsequently arrested for obstruction and put into the back of a patrol vehicle. Neither Officer Seabolt nor any other officer conducted any type of a field sobriety test on Mr. Vasquez.

Officer Seabolt again told Mr. Vasquez that he saw a pipe in the car and that he was going to search the entire vehicle. Dkt. 25 (05:33-05:44). Mr. Vasquez stated that he did not consent to the search. *Id.* (05:45). Officer Seabolt also asked Mr. Vasquez if he had a medical marijuana card, to which Mr. Vasquez responded affirmatively. *Id.* (06:09-06:12). Mr. Vasquez did not have the card with him but asked if he could retrieve it from the house he was parked in front of. *Id.* (06:13-06:16). Officer Seabolt denied the request.

After speaking briefly with Mr. Vasquez, Officer Seabolt returned to the car to begin his search and discovered that the doors were locked. Dkt. 35 (06:30). He then located the keys on the street behind the car where the scuffle with Mr. Vasquez had occurred and unlocked the car. *Id.* (06:35-06:45). Several officers searched the entire car and found drugs, drug paraphernalia, a firearm, and a locked box. The officers later obtained a search warrant for the locked box.

The Fourth Amendment guarantees citizens the right "to be secure in their persons ... against unreasonable ... searches and seizures." U.S. Const. amend. IV. "Reasonableness under the Fourth Amendment 'depends on a balance between the public interest and the individual's right to personal security free from arbitrary interference by law officers.'" *United States v. King*, 990 F.2d 1552, 1559 (10th Cir. 1993) (quoting *United States v. Brignoni-Ponce*, 422 U.S. 873, 878 (1975)). A warrantless search is per se unreasonable unless a valid exception to the Fourth Amendment's warrant requirements applies.

---

[1] No weapons, drugs, or drug paraphernalia were found on Mr. Vasquez.

*See, e.g., Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973) (citing *Katz v. United States*, 389 U.S. 218, 357 (1973)).

The Government relies on the automobile exception to the warrant requirement to justify the search of the car. Under the automobile exception, officers can "search a car if they have probable cause to believe it contains contraband, regardless of whether a traffic violation has occurred or a search warrant has been obtained." *United States v. Benard*, 680 F.3d 1206, 1210 (10th Cir. 2012). "[T]he probable cause determination must be based on objective facts that could justify the issuance of a warrant by a magistrate and not merely on the subjective good faith of the police officers." *United States v. Ross*, 456 U.S. 798, 808 (1982); *see also United States v. Nielsen*, 9 F.3d 1487, 1490 (10th Cir. 1990) (Probable cause to search a vehicle is established if, under the "totality of the circumstances" there is a "fair probability" that the car contains contraband or evidence.).

At the scene on February 11, Officer Seabolt stated that he was relying on the plain view exception to the warrant requirement to justify a search of the car. An officer's observation of an object of incriminating character in plain view in the vehicle may be sufficient for probable cause to search the vehicle. *See United States v. McCormick*, No. 20-CR-0084-CVE, 2020 WL 5761084, at *4 (N.D. Okla. Sept. 28, 2020). The plain view exception requires that:

> (1) the officer must be lawfully in a position from which to view the object seized in plain view; (2) the object's incriminating character [must be] immediately apparent—i.e., the officer had probable cause to believe the object was contraband or evidence of a crime; and (3) the officer [must have] a lawful right of access to the object itself.

*Id.* (internal citations and quotations omitted).

Mr. Vasquez maintains that the plain view exception does not apply because Officer Seabolt lacked probable cause sufficient to reasonably believe that the car held evidence of illegal drug activity. Dkt. 23 at 11-12.[2] The Government argues that Officer Seabolt had probable cause because (1) Mr. Vasquez was seemingly unconscious in the driver's seat with the car on; (2) a pipe with burn residue was plainly visible in the center console; (3) Mr. Vasquez reached down towards his feet when Officer Seabolt knocked on the window; and (4) Mr. Vasquez walked quickly towards the house. Dkt. 27 at 8-9. The question here is whether these facts provided Officer Seabolt with probable cause to believe that there was evidence of illegal drug activity in the car without conducting a further search. *See, e.g., United States v. Gordon*, 741 F.3d 64, 71 (10th Cir. 2014) ("If … the police lack probable cause to believe that an object in plain view is contraband without conducting some further search of the object … the plain view doctrine cannot justify its seizure.").

The Court finds that Officer Seabolt's observations did not provide probable cause to search the vehicle because the incriminating nature of the pipe was not immediately apparent. In Oklahoma, the medicinal use of marijuana is legal so long as the individual has a state-issued medical marijuana patient license. Okla. Stat. tit. 63, § 420. Officer Seabolt testified that the pipe he identified in the center console could be used for methamphetamine or marijuana consumption. And before Officer Seabolt began his search of the vehicle, Mr. Vasquez told Officer Seabolt that he had a medical marijuana card. Officer Seabolt testified that he made no effort to verify whether Mr. Vasquez had a card.

There is nothing to suggest that the pipe itself was indicative of illegal activity. *See, e.g., Gordon*, 741 F.3d at 71 (finding that observation of a firearm

---

[2] The only element of the plain view exception at issue is probable cause. At the evidentiary hearing, Mr. Vasquez also argued that Officer Seabolt did not have a lawful right to access the vehicle once it was locked. But courts have generally found that a locked car "is not an impediment where the automobile exception affords officers the authority to enter the car." *McCormick*, at *5 (collecting cases).

No. 24-cr-224

alone does not give rise to evidence sufficient to warrant the use of the plain view exception). Similarly, an officer's observation of a bottle of cough syrup with the prescription label partially torn off was insufficient to justify a plain view search because the officer did not know immediately upon viewing the bottle that it was illegal. *United States v. Taylor*, No. 22-10009-JWB, 2022 WL 17987101, at *7-8 (D. Kan. Dec. 29, 2022). The plain view exception will not apply unless the illegality of the item is immediately apparent. With the legalization in Oklahoma of marijuana for medicinal use and the knowledge that Mr. Vasquez held a medical marijuana permit, the glass pipe could not be identified immediately upon sight as being illegal drug paraphernalia to justify a plain view search. *Id.*; *see also United States v. Ulibarri*, 2024 WL 1113861 (D.N.M. Mar. 14, 2024) (rejecting the plain view and automobile exception for a search based on an officer's observation of bullets strewn about the back seat of the defendant's car because the presence of the bullets did "not constitute the obviously criminal character required to trigger the plain-view exception").

On the video, Officer Seabolt told Mr. Vasquez that he was going to search the car because there was a pipe in plain view. Dkt. 25 (05:45; 10:45-11:10). The Government attempts to expand on Officer Seabolt's reasoning for probable cause by pointing to Mr. Vasquez's alleged "evasive behavior," but evasive behavior does not justify the search even when combined with the other facts. Evasive behavior is merely a factor that may be considered when determining reasonable suspicion. *Illinois v. Wardlow*, 528 U.S. 119 (2000) (citing *United States v. Brignoni-Ponce*, 422 U.S. 873 (1975)). And based on the footage, Officer Seabolt makes no indication to Mr. Vasquez or the other officers at the scene that Mr. Vasquez's behavior was a reason for searching the vehicle. Further, the Court finds that Mr. Vasquez's behavior, as exhibited on the body worn camera footage, does not amount to evasive behavior upon which an officer should give considerable weight in his probable cause analysis. While evasive behavior may be "indicative of some kind of criminality," Mr. Vasquez's behavior does not constitute probable cause to believe that

No. 24-cr-224

illegal drugs were in the vehicle. *United States v. Douthard*, No. CR-23-444-G-1, 2024 WL 3681468, at *7 (W.D. Okla. Aug. 5, 2024) (finding that the defendant's evasive behavior, provision of a false name, and attempted flight did "not constitute probable cause to believe that illegal drugs, illegal guns, or other evidence of reasonably suspected criminal activity" were in their hotel room or car).

Because there was not probable cause to believe that the car contained contraband, the plain view and automobile exceptions do not apply. Thus, the warrantless search of the vehicle was unreasonable. Mr. Vasquez's motion to suppress [Dkt. 23] is GRANTED, and all evidence seized because of the February 11, 2024, search is suppressed.

DATED this 25th day of September 2024.

_____
JOHN D. RUSSELL
*United States District Judge*