# United States District Court
## for the Northern District of Oklahoma

Case No. 24-cr-224-JDR

UNITED STATES OF AMERICA,

*Plaintiff,*

versus

MARCUS ALEXANDER VASQUEZ,

*Defendant.*

## OPINION AND ORDER

The Government asks the Court to reconsider its Opinion and Order [Dkt. 29] suppressing evidence obtained during a warrantless search of Defendant Marcus Vasquez's car. Dkt. 30. Reconsideration should only be granted where there is: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *United States v. Christy*, 739 F.3d 534, 540 (10th Cir. 2014) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). The Government seeks reconsideration to correct a clear error, stating that "[t]he Court's Order suffers from legal defects that make it inconsistent with binding Supreme Court and Tenth Circuit precedent and overlooks key, dispositive issues that the government raised in its original brief." Dkt. 30 at 1. Mr. Vasquez opposes the motion. Dkt. 35. The Court DENIES the motion.

First, the Government argues that the Court applied the wrong legal doctrine to determine whether the warrantless search of Mr. Vasquez's car was valid. Dkt. 30 at 2-5. Specifically, the Government asserts that the Court

No. 24-cr-224

erred by applying the plain view doctrine to the constitutionality of the search of Mr. Vasquez's car, rather than to the seizure of the pipe. The Government maintains that, as a result of this error, the Court incorrectly focused its probable cause analysis on the incriminating nature of the pipe.

Generally speaking, the automobile exception analysis is relevant to the search of Mr. Vasquez's car, while the plain view doctrine is relevant to the seizure of the pipe. But courts can, and often do, utilize both of these exceptions in combination when reviewing the legality of a warrantless search. *United States v. Sparks*, 291 F.3d 683, 690-91 (10th Cir. 2002) (holding that the officer's observation of plastic bags in plain view combined with the officer's knowledge of the defendant's prior drug-related activities provided the officer with probable cause to search the truck). That is what the Court did in this case. In finding that Officer Seabolt lacked probable cause to search the car, the Court considered not only the pipe—which was not per se incriminating—but also Mr. Vasquez's behavior[1] as reported by Officer Seabolt and the video evidence. Dkt. 29 at 6-7. Taking all these things together, the Court found that Mr. Vasquez's behavior was not of the nature or to the degree that would carry considerable weight in an objective probable cause analysis.

Second, the Government argues that the Court took an impermissible "divide-and-conquer" approach to the probable cause analysis. Dkt. 30 at 8-13. The Court disagrees. While the probable cause analysis requires the Court to look at the totality of the circumstances, this review requires the Court to determine "the degree of suspicion that attaches to particular types of non-criminal acts." *District of Columbia v. Wesby*, 583 U.S. 48, 61 (internal citations and quotation marks omitted). The Court is permitted to ask "whether a reasonable officer could conclude—considering all of the surrounding

---

[1] Officer Seabolt claims that Mr. Vasquez was hunched over in the car, Mr. Vasquez reached down towards his feet when Officer Seabolt knocked on the window, and Mr. Vasquez walked quickly towards the houses when he exited the car. Dkt. 27 at 8-9.

No. 24-cr-224

circumstances, including the plausibility of the [innocent explanation for suspicious facts]—that there was a substantial chance of criminal activity." *Id.* Here, the Court considered all of the evidence and determined that Mr. Vasquez's innocent explanation for his behavior and the pipe in the car, in combination with his statement that he had a medical marijuana card, was entirely reasonable. In addition, Mr. Vasquez's coherent and lucid statements, together with the officers' failure to conduct a field sobriety test, weighed against the conclusion that there was probable cause to search the vehicle. The mere presence of the pipe and Officer Seabolt's characterization of Mr. Vasquez's behavior simply did not establish probable cause when considered together with all of the evidence available to Officer Seabolt prior to the search.

All of the purportedly dispositive cases cited by the Government are factually distinguishable. In *United States v. Luna-Santana*, the defendant consented to the search. 128 F. App'x 42, 47-48 (10th Cir. 2005). Both *United States v. Buchanan*[2] and *United States v. Spencer*[3] involved traffic or *Terry* stops and searches incident to the defendants' arrests; there was probable cause to arrest both defendants before the officers saw incriminating items in the cars. And the defendants in *United States v. Guy*[4] and *United States v. Swartz*[5] were asleep in their cars with pipes in their hand or lap, they admitted that they had used drugs or that drugs were in the car, and the officers found either another pipe or drugs on the defendant prior to the search of the cars. The interaction between Mr. Vasquez and Officer Seabolt was not initiated as a traffic stop or a *Terry* stop. Mr. Vasquez did not consent to the search, did not

---

[2] No. CR-06-182-C, 2006 WL 8441238 (W.D. Okla. Nov. 16, 2006), *aff'd*, 309 F. App'x 212 (10th Cir. 2009).

[3] No. CR-23-119-RAW, 2024 WL 3318950 (E.D. Okla. Mar. 18, 2024), report and recommendation adopted, No. CR-23-119, 2024 WL 2816875 (E.D. Okla. June 3, 2024).

[4] 1 F. App'x 410, 411-12 (6th Cir. 2001).

[5] No. 5:20CR3, 2020 WL 8254193 (N.D.W. Va. Dec. 11, 2020), report and recommendation adopted, No. 5:20-CR-3, 2021 WL 217611 (N.D.W. Va. Jan. 21, 2012).

No. 24-cr-224

have drugs or drug paraphernalia on him when the officers patted him down, and he unequivocally denied using drugs or being under the influence of any substance when questioned by Officer Seabolt. The facts that justified the searches in the cases cited by the Government are simply not present in the facts before the Court.

In sum, the Government does not raise any arguments that require the Court to reconsider its prior order. The Government's motion to reconsider [Dkt. 30] is DENIED. But given the benefit of additional time [Dkts. 31, 32, 34], an official transcript of the evidentiary hearing [Dkt. 33], and Mr. Vasquez's response [Dkt. 35], the Court will withdraw its prior Opinion and Order [Dkt. 29] and issue an Amended Opinion and Order to clarify any confusion regarding the Court's prior ruling.

DATED this 11th day of October 2024.

JOHN D. RUSSELL
*United States District Judge*